United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MILAN KJALASAN,
Plaintiff,
v.
DONALD TRUMP, et al.,
Defendants.

Case No. 26-cv-08419-JCS

**ORDER TO SHOW CAUSE AND DENYING MOTION TO RELATE CASE**

Re: Dkt. No. 5

## I. INTRODUCTION

Plaintiff, who is representing himself without the assistance of counsel, applied to proceed in forma pauperis and the Court granted his application. *See* Docket No. 6. The Court therefore must review the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why his complaint is sufficient, no later than **November 4, 2026**. The Case Management Conference set for **November 18, 2026** is vacated.

## II. BACKGROUND

Plaintiff initiated this action on August 13, 2026.[1] The complaint is lengthy and often difficult to follow. As best the Court can discern, the complaint seeks to assert a claim against

[1] On the same date, Plaintiff filed another complaint, also assigned to the undersigned magistrate judge, naming different defendants. *See* Case No. 26-8418 JCS ("8418 Case"), Complaint. In both cases, Plaintiff has filed a motion to relate the two cases, which the Court DENIES without prejudice because the 8418 Case is asserted against different defendants and does not appear to focus on the thefts of intellectual property that are alleged in the instant action.

President Donald Trump for stealing Plaintiff's intellectual property, namely, a proposal that Plaintiff made to the United States government "pertaining to the American - Canadian Unification Project" in 2021, which President Trump allegedly used in his 2024 presidential election campaign. Compl. at ECF p. 2. Other ideas Plaintiff alleges were stolen from him by the United States government are his "Self-Driving Vehicle Idea (2000 - 2001), Windows 8 Desktop Interface Idea (2002 - 2003), Computer for Every Kid Governmental Project (2004 - 2006), [and] Sophisticated Homeless Shelter Project (2018)[.]" *Id.* at ECF p. 6. It is not clear what conduct Plaintiff accuses Patel and Nielsen of, but he apparently seeks an apology from Patel and believes both will be witnesses in his case. Plaintiff seeks either $1 million or $10 million in damages. *Id.* at ECF p. 3.

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of

factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B. Discussion**

Although Plaintiff refers extensively to his intellectual property, he does not cite any particular statute that he contends protects his ideas. As he makes no reference to any protected mark, the Court assumes that his claims are not asserted under federal or state trademark law. Likewise, there is no allegation in the complaint that the ideas Plaintiff alleges were stolen were trade secrets. To the extent that Plaintiff seeks to assert an infringement claim under the Copyright Act, 17 U.S.C. § 102, his claim also fails as Plaintiff has not alleged facts establishing that any idea he contends was stolen from him constitutes a "work[ ] of authorship" that is protectible under 17 U.S.C. § 102(a). Instead, he appears to assert that his *ideas* are protected intellectual property. But "[c]opyright protection does not 'extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.' " *Yonay v. Paramount Pictures*

*Corp*., 163 F.4th 685, 692 (9th Cir. 2026)(quoting 17 U.S.C. § 102(b)). " 'Thus, a defendant incurs no liability if he copies only the "ideas" or "concepts" used in the plaintiff's work.' " *Id.* (quoting *Rentmeester v. Nike, Inc*., 883 F.3d 1111, 1117 (9th Cir. 2018), overruled in part on other grounds by *Skidmore*, 952 F.3d at 1068–69).

In addition to failing to allege facts that raise an inference that Plaintiff's intellectual property rights were infringed in any way, the complaint fails to clearly identify the conduct of Defendants Patel and Nielsen upon which Plaintiff bases whatever claims he is asserting against these defendants. More broadly, the complaint does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed on the basis that he has stated no cognizable claims. Plaintiff may respond by filing either an amended complaint that comports with the requirements of Rule 8 and addresses the other defects discussed above or a response that addresses why his current complaint is sufficient. Plaintiff's response shall be filed by November 4, 2026. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue. Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance

United States District Court
Northern District of California

to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: October 13, 2026

JOSEPH C. SPERO
United States Magistrate Judge